NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. SUSAN MOUSAVI,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES CITIZENSHIP &<br>IMMIGRATION SERVICES,<br><br>    *Defendant*. | Civil No.: 17-cv-870 (KSH) (CLW)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on plaintiff Susan Mousavi's motion for reconsideration (D.E. 38) of this Court's opinion and order granting the motion to dismiss for lack of jurisdiction brought by defendant United States Citizenship & Immigration Services ("USCIS") (D.E. 31). The Court granted oral argument on this motion, and engaged in lengthy discourse with counsel for both sides. It decides Mousavi's motion for reconsideration bearing in mind the familiar cautions that a motion for reconsideration is not an alternative to the appellate process. *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (Debevoise, J.). And, it is deemed an "extremely limited procedural vehicle," and "granted very sparingly." *Id.* at 477.

In rendering its decision from the bench in counsel's presence, the Court recited the procedural and factual history of the case. (Transcript of 3/9/18 Oral Argument, Tr. 42-46.) As well, the Court discussed the relevant statutes and cases interpreting them. In short, there should be no issue about why the Court ruled as it did, nor a suggestion that it misunderstood what counsel was arguing. Reviewing its decision in the context of Mousavi's motion, the Court is satisfied that her cause was thoroughly considered, and where she differs from the Court, the rift

is not caused by the Court's overlooking cases, as she argues now, but rather the Court's disagreeing with her as to the import of what the cases said.

In three concisely written pages, Mousavi lays out the reasons this Court was wrong in deciding it was statutorily divested of jurisdiction to entertain her lawsuit:

> [T]he Court overlooked settled law that administrative decisions like *Matter of Dhanasar*, 26 I & N Dec. 884 (AAO 2016) have the force and effect of law when establishing eligibility criteria for a national interest waiver. Second, the decision overlooked controlling Third Circuit precedent such as *Pinho v. Gonzales*, 432 F.3d 193 (3d Cir. 2005) and *Hanif v. Attorney General*, 694 F.3d 479 (3d Cir. 2012), which sharply distinguish between eligibility determinations and discretionary determinations and permit judicial review of legal eligibility determinations. Third, the decision also overlooked *Alaka v. Attorney General*, 456 F.3d 88 (3d Cir. 2006), which held that for the jurisdiction stripping provision in § 1252 (a)(2)(B) to apply the applicable statute must provide that discretion is the sole basis for denying an application, which is not the case for a national interest waiver.

(D.E. 38, Pl. Br. 2.) USCIS responded lengthily. The Court will be concise back.

As to the first two arguments, USCIS correctly opposes on the basis that the *Dhanasar* issue was thoroughly gone over, and the Court continues to reject Mousavi's position that an Administrative Appeals Office decision has the force and effect of law binding this Court despite circuit precedent. Likewise the second argument fails; Mousavi gives the Court nothing to cause it to revisit its decision that the statute offers a hybrid review process in which judicial scrutiny of the eligibility determination can be made.

As to the third argument raised in her motion, Mousavi properly notes that the Court did not specifically address *Alaka v. Attorney General*, 456 F.3d 88 (3d Cir. 2006) in its oral opinion. It does so now.

Oyenike Alaka petitioned for review of a final order of removal issued by the Board of Immigration Appeals (BIA) that, relevant here, affirmed the determination by the immigration judge that she was ineligible for removal as person convicted of particularly serious crime. One

is struck immediately by the context of the case—and the decision fully explains why this is so important. As described in the opinion,

> withholding of removal ("withholding") is a mandatory form of relief from removal "if the Attorney General decides that the alien's life or freedom would be threatened in [the country to which the alien will be deported] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An alien is ineligible for withholding, however, if, *inter alia,* "the Attorney General decides that . . . the alien, having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii).

456 F.3d at 94-95. The Third Circuit reasoned that the statutory language did not foreclose judicial review, paying particular attention to the dynamic words "decide" and "determine." The court found that the determination of "a particularly serious crime" required the application of facts to principals of law, making it distinct from a purely discretionary decision that would trigger the § 1252 jurisdictional bar. So the question became, did the language of the withholding statute provide the discretionary authority? Following that analytical path, the Third Circuit held that the Attorney General's decision that Alaka's prior conviction involved a crime of moral turpitude was reviewable.

Mousavi seizes upon the decisional language in *Alaka* whereby the Third Circuit drew a distinction within the range of cases reached by § 1252(a)(2)(B)(ii). "The jurisdiction-stripping language of § 1252(a)(2)(B)(ii) applies not to all decisions the Attorney General is entitled to make, but to a narrower category of decisions where Congress has taken the additional step to specify that the sole authority for the action is in the Attorney General's discretion. Put another way, the Attorney General's general authority to arrive at an outcome through the application of law to facts is distinct from the issue of whether Congress has 'specified' that the decision lies in the Attorney General's discretion and is thus unreviewable." 456 F.3d at 95-96. Perhaps if the court had stopped there, the issue here would be closer. But the decision went on, and made crystal clear that words like "may" and "deems," which both appear in the national interest

3

waiver statute, signify that discretionary authority exists. And not surprisingly, *Alaka* specifically talks about *Jilin Pharmaceutical USA, Inc. v. Chertoff*, 447 F.3d 196 (3d Cir. 2006). As the USCIS brief argues, with supporting cases, the fact that *Alaka* articulated a "narrower category" of agency decisions immune from judicial review does not automatically mean that national interest waiver decisions fall outside that category. (D.E. 42, Def. Br. 13-14.)

Having addressed *Alaka*, the Court sees no reason to alter its decision and denies relief on the grounds it overlooked (or misinterpreted) prevailing law. As to the declaration of Mousavi's husband submitted in support of Mousavi's due process claim, the Court agrees with USCIS that this does not qualify as "new evidence" previously unavailable "when the court granted the motion." (Def. Br. 17.) Mousavi first made her due process argument in her November 2017 motion for leave to amend. (D.E. 23.) Nothing in the declaration occurred after January 21, 2016. Mousavi could have attached a declaration to this effect when she filed her brief or at oral argument. That issue aside, the Court would reach the same conclusion even upon consideration of the declaration. Its ruling explicitly addresses Mousavi's underlying constitutional claim and follows *Jilin*, to wit, "because evaluating these constitutional claims requires us to revisit and review the Attorney General's exercise of discretion . . . , we lack the jurisdiction to consider them." 447 F.3d at 206. "[I]n *Jilin*, the Third Circuit found that the district court correctly dismissed the constitutional claims for lack of jurisdiction, which is what this Court is required to do as well." Tr. 57-58.

**Conclusion**

The Court has considered Mousavi's arguments and for the reasons above, declines to change its determination that § 1252(a)(2)(B)(ii) strips it of jurisdiction to review the decision USCIS made to deny her I-140 petition and accompanying national interest waiver request.

Mousavi's motion for extension of time to file a reply (D.E. 43) is DENIED as moot. An appropriate order will follow.

Date: December 31, 2018

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J